## WESTERN LUMBER CO. v. STATE.

No. A-3346—Opinion Filed May 11, 1920.

(189 Pac. 868.)

(Syllabus.)

1. **MONOPOLIES—Construction of Statute—Intent.** Section 1, c. 114, Sess. Laws 1913, construed, and **held:** The evident intention of the Legislature was twofold: (1) To prevent discrimination in selling of commodities for the purpose of strangling or thwarting competition; (2) in the absence of competition or otherwise, to prevent discrimination in selling as between two similarly situated communities.

2. **SAME—Information—Sufficiency.** For information held insufficient to charge an offense under section 1, c. 114, Sess. Laws 1913, see body of opinion.

*Appeal from County Court, Beckham County;*

*E. G. McComas, Judge.*

Western Lumber Company was convicted of the offense of unfair competition and discrimination, and it appeals. Reversed.

*Embry, Johnson & Kidd,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *C. W. King* and *W. C. Hall,* Asst. Attys. Gen., for the State.

MATSON, J. This is an appeal from the county court of Beckham county, wherein the Western Lumber Company, a corporation, was convicted of the offense of unfair competition and discrimination, as defined by section 1 of chapter 114, Session Laws 1913, and punishment fixed at a fine of $400.00. From the judgment rendered, an appeal

has been properly perfected to this court, and several alleged grounds of error are relied upon for a reversal of this judgment.

The defendant corporation interposed a demurrer to the information in the lower court, which demurrer was overruled and excepted to. A motion in arrest of judgment on the ground, among others, that the information did not state facts sufficient to constitute a public offense, was also interposed, overruled, and proper exception reserved.

In this court it is strenuously contended on behalf of the defendant corporation that the information did not, under said statute, state facts sufficient to constitute an offense. The information is as follows:

"Comes now W. E. Tomme, county attorney for the said county of Beckham, in the name and by the authority of the state of Oklahoma, and information makes that one Western Lumber Company, late of the county aforesaid, on or about the 14th day of September, 1917, in the county of Beckham and state of Oklahoma, was then and there a corporation doing business under the laws of said state, and as such corporation had for part of its business points for general distribution of lumber, wire, and cement at the towns of Texola and Erick, in said county and state, and a distance of eight miles apart, and on the same railroad, to wit, The Chicago, Rock Island & Pacific Railroad; that the said Western Lumber Company in the state and county aforesaid, and on the day and year aforesaid, did then and there unlawfully and intentionally, for the purpose of destroying the competition of one H. T. Doss, who was then and there in the said town of Texola a regular, established dealer in wire and cement; that the Western Lumber Company did on the said day and year make an unfair discrimination in the prices of wire and cement in the said towns of Texola and Erick, to wit, wire in Texola $4 for 95 pounds, cement in Texola 75 cents a sack, and on the

same day and year in the said town of Erick wire $5.50 for 100 pounds and cement $1.10 a sack, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

Section 1 of chapter 114, *supra,* is as follows:

"Any person, firm or corporation, foreign or domestic, doing business in the state of Oklahoma, and engaged in the production, manufacture or distribution of any commodity in general, that intentionally, for the purpose of destroying competition of any regular, established dealer in such commodity, or to prevent the competition of any person who, in good faith, intends and attempts to become such dealer, shall discriminate between different sections, communities or cities of this state by selling such commodity at a lower rate in one section, community or city, or any portion thereof, than such person, firm or corporation, foreign or domestic, charges for such commodity in another section, community or city, or that shall discriminate between different sections, communities or cities of this state by selling such commodity at a lower rate in one section, community or city, or any portion thereof, than such person, firm or corporation, foreign or domestic, charges for such commodity in another section, community or city after equalizing the distance from the point of production, manufacture or distribution and freight rates therefrom, shall be deemed guilty of unfair discrimination, which is hereby declared to be a misdemeanor."

The Attorney General has filed a confession of error, in part as follows:

"This prosecution was based upon sections 1 and 3 of chapter 114, Session Laws 1913, under which statute the gravamen of the offense is 'selling such commodity at a lower rate. * * *'

"The information charges that the 'defendant did make an unfair discrimination in prices. * * *'

"It is clear that under the law no offense was charged in the information."

After a careful consideration of the information and the statute upon which it is based, the conclusion is reached that the information does not state an offense under said statute. The gravamen of the crime consists in discrimination by selling at a lower rate in one section, community, or city, than in another section, community, or city, either for the purpose of destroying the competition of any regular, established dealer in such commodity, or to prevent the competition of any person who in good faith intends and attempts to become such dealer, or else to sell at a lower rate in one section, community, or city than in another section, community, or city after equalizing the distance from the point of production, manufacture, or distribution, and freight rates therefrom, on such commodities in the two sections, communities, or cities; in other words, the offense or offenses contained in the statutes consist primarily of the elements of discrimination in selling commodities either for the purpose of destroying or preventing competition in such commodities between similar localities, or else in the discrimination against the people of such localities by selling the commodities at a lower price in one than in the other.

The evident intention of the Legislature was twofold: (1) To prevent discrimination for the purpose of strangling or thwarting competition; (2) in the absence of competition or otherwise, to prevent discrimination in selling as between two similarly situated communities. In either event, however, the discrimination must be in the act of selling the commodity at a lower rate in one community than in the other. The information in this case does not

charge the defendant company with selling either wire or cement at a lower price in either of the towns of Texola or Erick, but alleges that the defendant company established a different price in each of these towns. It alleges no sale of either commodity at either place for any price, at anytime, for either of the purposes condemned by the statute. In the absence of such allegations, it is the opinion of this court that the information is fatally defective, and that the confession of error by the Attorney General should be sustained.

Furthermore, an examination of the evidence discloses practically an entire absence of proof to establish lower sales of the commodities wire and cement in the town of Texola than in the town of Erick, intentionally made for the purpose of destroying competition. While there is evidence to the effect that on the same day in both towns a purchase of these commodities was made at Texola at a lower price than in Erick, the proof tends clearly to show that the prosecuting witness, who was engaged in selling these commodities in the town of Texola, had previous to these purchases reduced the selling price of the same commodities considerably lower than had previously been charged therefor at either of said places, and the contention of the defendant was that the reduction of the selling price of the commodities at Texola was not made until after the prosecuting witness had reduced the selling price himself, and that the reduction of the selling price on the part of the defendant company was for the purpose of meeting competition in prices theretofore established by the prosecuting witness, which under that provision of the act (the pleader intending evidently to base the information upon that portion of the statute against discrimination for the

purpose of destroying competition) would not be sufficient to establish the offense.

While the weight of this evidence and the question of defendant's intent thereunder were questions of fact for the determination of the jury under proper instructions of the trial court, nevertheless the reasonable inferences to be drawn from the evidence in this case must be such as to show a criminal intent to sell at a lower price for the purpose of destroying competition.

The fact that the complaining witness (being a dealer in such commodities only in the town of Texola, and therefore not amenable to the statute) first, and of his own volition, reduces the selling price of such commodities in said town, and that thereafter defendant company reduced its prices on such commodities in said town, did not of itself establish the criminal intent on the part of defendant to destroy the competition which had arisen in said town. We do not understand the statute to be intended to prevent competition in prices, but rather to encourage legitimate competition.

The public is benefited by a healthy competition in the prices of necessary commodities, and the mere fact that a company dealing in commodities in two similarly located communities in this state makes a sale of such commodities at a lower price in one such community than in the other (while, if persisted in, is perhaps sufficient to make a prima facie case of discrimination against the community in which sales were made at the higher price) is not, in the absence of other evidence showing an unlawful intent, alone sufficient to establish a discriminatory purpose to destroy competition in the place where the lower sale was made.

This court has repeatedly held that the mere possession of intoxicating liquors (in lawful quantities, at one's residence or place of business) is, in the absence of other facts or circumstances to establish a guilty intent, wholly insufficient to sustain a conviction of unlawful possession of such liquors with intent to violate the provisions of the prohibitory liquor laws. This is a question of law.

So in this case. The proof merely of one sale of each of these commodities in both of the towns, at a lower price in one than in the other, on the same day, is, standing alone, wholly insufficient to establish the necessary ingredient of unlawful intent to destroy competition in the distribution of such commodities. Yet the jury was instructed that the unlawful intent necessary to sustain a conviction could be inferred alone from the fact of a sale knowingly made by defendant. This instruction was too broad, and it was equivalent in this case to an instruction to find the defendant guilty because it was admitted that a sale of these commodities was knowingly made by the defendant company at a lower price in Texola than in Erick; the sole contention of defendant being that there was no unlawful intention to destroy competition, but merely to meet competition. This theory of defendant should have been fairly submitted to the jury by the trial court, as under the charge attempted to be lodged against defendant such intent was a necessary ingredient to be proved in connection with the other elements of the offense, and there was a requested instruction along this line refused.

It is the opinion of the court, therefore, that unless more substantial evidence of the defendant's intent to make lower sales for the purpose of destroying competition can

be produced on a subsequent trial than is disclosed by the evidence now before the court, it would be useless to pursue this prosecution further.

For the reasons stated, the judgment of conviction is reversed, and the cause remanded to the trial court with instructions to sustain the demurrer to the information and for further proceedings not inconsistent with this opinion.

DOYLE, P. J., and ARMSTRONG, J., concur.